**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:25-cr-00001-KDB-DCK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| ANTOINE DEPRAY JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. [Doc. 33].

**I.    BACKGROUND**

On February 7, 2025, Defendant Antoine Depray Jackson ("Defendant") pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 1: Bill of Information, Doc. 11: Amended Plea Agreement, Doc. 14: Acceptance and Entry of Guilty Plea]. In the plea agreement, Defendant agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 11 at ¶ 16]. On August 15, 2025, Defendant was sentenced to a total term of imprisonment of 144 months. [Doc. 30: Judgment]. Defendant did not file a direct appeal.

On December 17, 2025, Defendant filed the present motion to vacate claiming that his counsel was ineffective because he failed to file a notice of appeal despite Defendant's explicit request at the conclusion of the sentencing hearing that counsel do so. [Doc. 33-2 at ¶¶ 6-7:

Jackson Aff.]. Defendant asserts that he learned of this alleged failure after reviewing a copy of the docket sheet he requested from his attorney. [Id. at ¶¶ 9-11]. For relief, Defendant seeks an evidentiary hearing or, alternatively, an "out-of-time" appeal. [Doc. 33 at 12].

The Government has responded to Defendant's motion. [Doc. 38]. The Government concedes that Defendant's attorney has no specific recollection of the facts alleged in Defendant's motion and that the Government, therefore, has no basis to dispute it. [Id. at 6-7]. The Government also concedes that the Court may accept the allegations as true without holding an evidentiary hearing and grant the requested relief. [Id. at 7]. The Government requests that the Court vacate Defendant's judgment and enter a new, though otherwise identical, judgment so that Defendant may file a direct appeal. [Id.].

## II.      STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes *per se* ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Defendant

2

has done through his written plea agreement in this case.  See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

Here, Defendant asserts in sworn testimony that his attorney failed to file a direct appeal after being instructed to do so and thereby abandoned the appeal.  The Government concedes having no factual basis with which to dispute Defendant's claim and asks the Court to enter an amended judgment so that Defendant can file a direct appeal of his conviction and sentence.  See United States v. Mongold, 259 Fed. App'x 539, 540-41 (4th Cir. 2007) (unpublished decision).

The Court, therefore, concludes that the appropriate remedy in this matter is to grant Defendant's motion, vacate the original judgment, and enter a new judgment only for the purpose of allowing Defendant to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case.

## **ORDER**

**IT IS, THEREFORE, ORDERED** as follows:

1. The Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 33] is **GRANTED**.

2. The Judgment [Doc. 30] is **VACATED** and the Clerk of Court is instructed to prepare an Amended Judgment with the same terms and conditions as the original Judgment.

3. The Defendant shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal with the United States District Court for the Western District of North Carolina.

The Clerk is directed to provide copies of this Order to the Defendant and counsel for the Government.

**IT IS SO ORDERED.**

Signed: April 9, 2026

Kenneth D. Bell
United States District Judge